UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Solomon Glover,

           Petitioner,

v.

Denise Wilson, Warden,

           Respondent.

Civ. No. 13-3370 (PJS/JJG)

REPORT AND RECOMMENDATION

---

JEANNE J. GRAHAM, United States Magistrate Judge

The above-captioned case is before the Court on Petitioner Solomon Glover's application for habeas corpus relief under 28 U.S.C. § 2241. (Pet. Writ Habeas Corpus, Dec. 6, 2013, ECF No. 1.) Petitioner Solomon Glover ("Glover") is currently incarcerated at the Federal Correctional Institution (FCI) in Sandstone, Minnesota. Respondent Denise Wilson is the warden at FCI-Sandstone. The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Local Rule 72.1. For the reasons discussed below, the Court recommends that the petition be dismissed.

I.   **Background**

On May 14, 2003, Glover was convicted of Conspiracy to Distribute Marijuana in the United States District Court for the Eastern District of Virginia. (Pet. at 2.) On August 4, 2003, the sentencing court imposed a sentence of 292 months of imprisonment. *Id.* Nine years later, on August 3, 2012, Glover filed a motion with that court for reconsideration and to vacate his sentence based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (holding that a prior conviction could not enhance a sentence if the defendant's criminal history was not sufficient to

garner more than a year imprisonment). Mot. at 1, 3, *United States v. Glover*, 2:03-cr-00039-AWA-FBS (E.D. Va. filed Aug. 3, 2012), (ECF No. 31). The sentencing court construed the motion as a 28 U.S.C. § 2255 motion and denied it. *United States v. Glover*, 2:03-cr-00039-AWA-FBS, slip op. at 1-2 (E.D. Va. Apr. 11, 2013), (ECF No. 33). The sentencing court ruled that "Mr. Glover is not entitled to relief because *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) and *Simmons*, the Fourth Circuit case interpreting *Carachuri-Rosendo*, are not retroactively applicable to this case on collateral review."[1] The court went on to indicate that upon another review of his criminal history, the court found that Glover qualified for the enhanced sentence he received. *Id.* Finally, the sentencing court advised Glover that if he intended to appeal and seek a certificate of appealability, he must file a notice with the Fourth Circuit Court of Appeals within 60 days of the order. *Id.*

Glover did appeal to the Fourth Circuit. The Fourth Circuit found that the sentencing court's order was "not appealable unless a circuit justice or judge issues a certificate of appealability." *United States v. Glover*, 541 F. App'x 289 (4th Cir. 2013) (per curiam) (unpublished). Because there was no "substantial showing" of the violation of a constitutional right, no certificate was issued, and the appeal was dismissed. *Glover*, 541 F. App'x at 289.

Glover next filed a 28 U.S.C. § 2241 petition in the Eastern District of Virginia on August 27, 2013, challenging his sentence under *Alleyne v. United States*, 133 S. Ct. 2151 (2013) (finding that a jury must decide facts that increase the mandatory minimum sentence). Pet., *Glover v. Wilson*, 2:13-cv-00478-AWA-LRL (E.D. Va. Aug. 27, 2013), (ECF No. 1). The court first evaluated whether it had jurisdiction to analyze the merits. In doing so, the court found that Glover could not use a § 2241 petition to collaterally attack his sentence and that Glover's claim

---

[1] This Court takes judicial notice of the filings in the Eastern District of Virginia and attaches Glover's § 2255 motion and the resultant order to this Report and Recommendation.

must be brought in a § 2255 motion. Because Glover had already brought a § 2255 motion, however, the petition under review would be a successive petition. Finding that the Supreme Court had not made the *Alleyne* ruling retroactive, the court determined that Glover could not file a second § 2255 motion without prior authorization from the Fourth Circuit. *Id.* Accordingly, the motion was dismissed without prejudice "to Petitioner's right to file a motion pursuant to § 2255, after receiving authorization from the Court of Appeals for the Fourth Circuit." *Glover*, 2:13-cv-00478-AWA-LRL, slip op. at 6 (E.D. Va. Jan. 10, 2014). Glover was subsequently transferred from a correctional facility in Virginia to FCI-Sandstone in Minnesota.

Glover filed his present § 2241 petition on December 6, 2013. He lists a single ground for relief: "The portion of prisoner's sentence based on his prior conviction is no longer authorized in light of [the] Fourth Circuit's en banc decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), and he should be discharged." (Pet. at 3.) Glover submits that his 1998 conviction for attempted Third Degree Criminal Sale of Controlled Substance is not a felony that would require more than one year of imprisonment, based on the individual offense characteristics and his criminal history. (*Id.*) He explains that he did not attempt to file a § 2255 motion because the sentence was below the statutory maximum and because *Simmons* was "a statutory interpretation case that applies retroactive[ly] in this habeas action." (*Id.* at 4.)

**II.    Discussion**

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. *Abdullah v. Hedrick*, 392 F.3d 957, 958 (8th Cir. 2004). "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under

§ 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1983) (per curiam) (quoting 28 U.S.C. § 2255(e)). The "inadequate or ineffective" test is sometimes referred to as the "savings clause," because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule. *See Hill*, 349 F.3d at 1091.

Here, Glover claims that his sentence "is no longer authorized." (Pet. at 3.) As such, he is clearly challenging the *imposition* of his sentence, not the execution of it. Thus, his claim is barred unless the savings clause applies.

The Eighth Circuit has held that for the savings clause to apply there must be more than a procedural barrier to bringing a § 2255 motion. *Hill*, 349 F.3d at 1091.

> [A] § 2255 motion is not inadequate or ineffective merely because (1) § 2255 relief has already been denied, (2) the petitioner has been denied permission to file a second or successive § 2255 motion, (3) a second or successive § 2255 motion has been dismissed, or (4) the petitioner has allowed the one year statute of limitations and/or grace period to expire.

*Id.* (internal quotation marks, citations, and alterations omitted). Furthermore, "[a] prisoner cannot raise, in a § 2241 [petition] filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." *Id.* at 1092; *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (requiring that "*subsequent* to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal") (emphasis added).

4

Simply put, the Court is prohibited from considering a habeas claim that could have been, or was, raised in a prior proceeding. *See Abdullah*, 392 F.3d at 963-64; *Hill*, 349 F.3d at 1092; *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000). Instead, a petitioner gets one "unobstructed procedural shot at getting his sentence vacated." *Abdullah*, 392 F.3d at 961 (citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998)).

In the present petition, Glover bases his habeas claim on *Simmons*, which was decided in 2011. Glover's first § 2255 motion was filed on August 3, 2012, well after the *Simmons* ruling. Moreover, Glover actually argued *Simmons* in his first § 2255 motion. *Id.* Thus, his current *Simmons* claim is "an issue which could or was actually raised in the § 2255 motion filed in the sentencing district" and cannot be raised in a subsequent § 2241 petition. *See Hill*, 349 F.3d at 1092. Glover had his "unobstructed procedural shot at getting his sentence vacated," *see Abdullah*, 392 F.3d at 961, and the Eastern District of Virginia court denied him relief. For that reason, he cannot now file a § 2241 petition to have that same issue re-examined by this Court under the savings clause.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Solomon Glover's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (ECF No. 1) be **DISMISSED**; and

    2.    Respondent Denese Wilson's corresponding Motion to Dismiss Petition (ECF No. 8) be **GRANTED**.

Dated: June 12, 2014                                        s/ *Jeanne J. Graham*

                                                                      JEANNE J. GRAHAM
                                                                      United States Magistrate Judge

**NOTICE**

      Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 30, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.