UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SOLOMON GLOVER,                                          Case No. 13-CV-3370 (PJS/JJG)

          Petitioner,

v.                                                                                    ORDER

WARDEN DENESE WILSON,

          Respondent.

Solomon Glover, pro se.

Richard Newberry, UNITED STATES ATTORNEY'S OFFICE, for respondent.

In 2003, petitioner Solomon Glover pleaded guilty in the United States District Court for the Eastern District of Virginia to the crime of conspiracy to distribute marijuana.  *See* 21 U.S.C. § 841(a)(1).  That court determined that Glover qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines, and it sentenced Glover to 292 months' imprisonment.  In 2012, Glover moved in the sentencing court for relief from his sentence under 28 U.S.C. § 2255, arguing that recent case law — specifically, *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) — rendered the application of the career-offender enhancement unlawful in his case.  Glover's motion was denied, *see* ECF No. 13-2, and the Fourth Circuit declined to issue a certificate of appealability, *see United States v. Glover*, 541 Fed. Appx. 289 (4th Cir. 2013) (per curiam).

Glover then filed an application for a writ habeas corpus in this District under 28 U.S.C. § 2241.  (Glover is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota.)  The government moves for dismissal of Glover's habeas petition on two grounds.  First, the

government contends that Glover cannot raise his claim in a habeas petition, as § 2255 is not "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Alternatively, the government argues that the career-offender enhancement was correctly applied in Glover's case.

This matter is before the Court on Glover's objection to the June 12, 2014 Report and Recommendation ("R&R") of Magistrate Judge Jeanne J. Graham. In that R&R, Judge Graham recommends that the government's motion to dismiss be granted, as the issues raised in Glover's petition are issues that could have been or were "'actually raised in the § 2255 motion filed in the sentencing district.'" R&R at 5 (quoting *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003)). The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R.

Only one matter merits comment: In his objection, Glover points out that his § 2255 motion was denied because the sentencing court found that *Carachuri-Rosendo* and *Simmons* should not be applied retroactively. Following that decision, however, the Fourth Circuit held that *Simmons* should indeed be applied retroactively. *See Miller v. United States*, 735 F.3d 141 (4th Cir. 2013). Glover contends that § 2255 does not provide an adequate or effective avenue for him to relitigate his career-offender claim in light of *Miller*, as he cannot establish any of the grounds that would permit him to bring a second or successive motion under § 2255. *See* 28 U.S.C. § 2255(h). And because (according to Glover) § 2255 is now "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), this Court has jurisdiction over his § 2241 petition.

The problem with Glover's argument is that § 2255 is not considered inadequate or ineffective with respect to a claim just because the sentencing court ruled incorrectly on that claim in a prior § 2255 proceeding. *See Lopez–Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). Instead, courts have found § 2255 to be inadequate or ineffective only in unusual situations in which the petitioner never had an opportunity to litigate his claim in a § 2255 proceeding — such as when the original sentencing court no longer exists. *See Jameson v. Samuels*, 555 Fed. Appx. 743, 746 (10th Cir. 2014).

Here, Glover fully litigated in his § 2255 proceeding the question of whether his sentence was unlawful under *Carachuri-Rosendo* and *Simmons* and whether those cases should be applied retroactively. The district court rejected Glover's claim on the merits, holding that *Carachuri-Rosendo* and *Simmons* should not be applied retroactively. It is true that, in *Miller*, the Fourth Circuit took a different view about the retroactivity of *Simmons*, and thus one could argue that the district court erred in rejecting Glover's claim. But § 2241 is not a vehicle by which one district court reviews the correctness of rulings that another district court made in a § 2255 proceeding. It was the responsibility of the Fourth Circuit to correct any errors made by the district court in Glover's § 2255 proceeding. Glover sought review in the Fourth Circuit, but the Fourth Circuit refused to grant Glover a certificate of appealability — and, it should be noted, the Fourth Circuit did so approximately six weeks *after* deciding *Miller*.

The bottom line is that § 2255 is not "inadequate or ineffective to test the legality of [Glover's] detention." 28 U.S.C. § 2255(e). To the contrary, § 2255 provided Glover with a full and fair opportunity to litigate his claim that his sentence was unlawful under *Carachuri-Rosendo* and *Simmons* and that those cases should be applied retroactively. The fact that

Glover's claim was (perhaps incorrectly) rejected on the merits does not mean that Glover can now use § 2241 to litigate the identical claim a second time. Because § 2255 was not inadequate or ineffective for Glover to test the legality of his detention, the Court lacks jurisdiction over Glover's § 2241 petition.[1]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the June 12, 2014 R&R [ECF No. 13] and OVERRULES petitioner Solomon Glover's objection [ECF No. 14]. Accordingly, IT IS HEREBY ORDERED THAT:

1. The motion to dismiss of respondent Denese Wilson [ECF No. 8] is GRANTED.

2. Glover's application for a writ of habeas corpus [ECF No. 1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August  1 , 2014            s/Patrick J. Schiltz
                                   Patrick J. Schiltz
                                   United States District Judge

---

[1] The Court notes that even if it had jurisdiction over Glover's petition, it would dismiss that petition on the merits, as Glover's substantive claim (that the trial court misapplied the sentencing guidelines in his case) is not cognizable on collateral review in the Eighth Circuit. *See Sun Bear v. United States*, 644 F.3d 700, 704-06 (8th Cir. 2011) (en banc).